**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **MATTHEW GARVING** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 2:18-cv-2450** |
| **C. H. ROBINSON COMPANY** | **DEFENDANT** |
| | **JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff MATTHEW GARVIN (hereinafter, "Plaintiff" or "Garvin"), by and through the undersigned counsel, files this, his Complaint and Jury Demand against Defendant C. H. ROBINSON COMPANY, INC (hereinafter, "CH ROBINSON"). This is an action to recover actual and punitive damages for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Tennessee Human Rights Act (THRA) (Tenn. Code Ann. §4-12-101, *et seq*). In support of this cause, the Plaintiff would show unto the Court following:

## PARTIES

1. Plaintiff, MATTHEW GARVIN, is an adult resident citizen of Olive Branch, Desoto County, Mississippi,.

2. Defendant, C. H. ROBINSON COMPANY is a Delaware corporation doing business in Tennessee which may be served with process by service upon its registered agent, Corporate Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under 42 U.S.C. § 1981 and under

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000(e). This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. §1367.

4.     Venue is proper in this action pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claims occurred in Memphis, Shelby County, Tennessee, which is within the Western District of Tennessee, Western Division.

5.     Plaintiff timely filed Charge of Discrimination, Charge Number 490-2018-01293 with the United States Equal Employment Opportunity Commission (hereinafter, "EEOC") for race discrimination on April 5, 2018, against the Defendant, a true and correct copy of which is attached as Exhibit "A."  Plaintiff received his Notice of Suit Rights for the corresponding charge from EEOC dated April 28, 2018, true and correct copy of which is attached as Exhibit "B."

6.     Plaintiff timely files this cause of action.

## STATEMENT OF FACTS

7.     Plaintiff, Matthew Garvin, began working for Defendant C. H. ROBINSON as a Carrier Representative in May 2015.

8.     Mr. Garvin was promoted to Account Manager in February 2017.

9.     Defendant's corporate employees visited the location where Plaintiff worked in early 2017.

10.     The visit from corporate supposedly revealed a lack of diversity in management in Plaintiff's location.

11.     Upon information and belief, no report or plan was put in place to support the need to hire and promote minorities.

12. Shortly after the visit from corporate, a black female, Angela Davis, was promoted into a management job over other account coordinators and managers.

13. Ms. Davis had been with the company for less time that Plaintiff and had less experience than Plaintiff.

14. The job that Ms. Davis filled had not been posted for others to apply.

15. The reason Ms. Davis was put in the supervisory position equivalent to Plaintiff's supervisor, Dustin Peeples, was because of her race, black.

16. Mr. Garvin worked with another Account Manager, Michael Collins, a black male.

17. Mr. Garvin and Mr. Collins had worked together for the Defendant for about a year and both were Account Managers during that time.

18. Mr. Garvin worked on the third shift, while Collins was on second shift.

19. Michael Collins was one of the individuals who told Plaintiff that the company wanted more diversity in management.

20. Collins also told Mr. Garvin that due to the volume of work, there could be another opening for an additional supervisor position such as the one held by Peeples and Davis.

21. Based on seniority and experience, Collins and Mr. Garvin would both have been candidates for such a job.

22. Collins and Mr. Garvin had worked together at Swift Transportation as customer service representatives, sitting directly beside each other, before working together for Defendant.

23. Collins and Mr. Garvin had never had any issues in the past.

24. However, on or about January 25, 2018, Michael Collins made a complaint that Mr. Garvin was a safety concern due the fact that Mr. Garvin was white and a former police officer.

25. On or January 29, 2018, Mr. Garvin's supervisor, Dustin Peeples, came and got Mr.

Garvin to go to a meeting with the General Manager, John Strange, a white male.

26.  Without conducting an investigation or speaking to Mr. Garvin about Collins' allegations, Defendant terminated him on January 29, 2018.

27.  There were no members of human resources in the termination meeting.

28.  Mr. Garvin was told that because Mr. Collins expressed concern for his safety because Mr. Garvin was a *white* former police officer, that Garvin was being terminated.

29.  Collins was not concerned for his safety because Mr. Garvin was a former police officer, but because he was a *white* former police officer.

30.  Based on the fact that the Defendant wanted more minorities in management positions and did not want to deal with Collins' unsupported allegations, it terminated my client because of his race, white.

31.  Defendant chose to fire Mr. Garvin and promote Mr. Collins because Collins was black and it wanted to avoid Collins making any allegation of race discrimination if it kept Mr. Garvin employed, despite the fact that Mr. Garvin did nothing wrong.

32.  The third supervisory position that both Collins and Mr. Garvin would have been eligible for was subsequently given to Collins, a black male.

33.  The Defendant is liable to Plaintiff under 42 U.S.C. § 1981 and the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*.

34.  Plaintiff has lost wages, suffered mental anxiety and stress, lost valuable benefits and further, Plaintiff is entitled to punitive damages for the egregious actions of the Defendant.

35.  Defendant's action constitutes intentional discrimination on the basis of race in violation of 42 U.S.C. § 2000e-2, Title VII of the Civil Rights Act of 1964 based on facts including, but not limited to, Plaintiff is white and was passed over for a supervisory position that was not

posted because it was given to a less experienced black female and he was fired based on the alleged fear of a black co-worker of working with Mr. Garvin because he was a white former police officer.

36. The unlawful actions of the Defendants complained about above were intentional, malicious, and taken in reckless disregard of the statutory rights of the Plaintiff.

37. As a consequence of the foregoing misconduct by the Defendant, Plaintiff Garvin has suffered mental anxiety and stress and loss of income.

**REQUEST FOR RELIEF**

38. Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Garvin demands such legal and equitable relief as will effectuate the purposes of 42 U.S.C. § 1981, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Tennessee Human Rights Act (Tenn. Code Ann. §4-12-101, *et seq*)., including but not limited to, the following:

   a. Accrual of back and front pay and fringe benefits;

   b. Compensatory damages;

   c. Punitive damages;

   d. Costs and attorney's fees;

   e. Appropriate affirmative action;

   f. Reinstatement or other equitable relief; and

   g. Any other relief that this Court deems just and equitable.

Plaintiff prays for actual and punitive damages in an amount to be determined by a jury, for reinstatement and for reasonable attorney fees.

THIS the 3rd day of July, 2018.

5

Respectfully submitted,
Matthew Garvin

**/s/Kristy L. Bennett**
KRISTY BENNETT BPR# 30016
TRESSA V. JOHNSON BPR# 26401
Attorneys for Plaintiff
Johnson & Bennett, PLLC
1331 Union Ave., Ste. 1226
Memphis, TN 38104
(901) 402-6830
(901) 462.8629 fax
kristy@myjbfirm.com
tressa@myjbfirm.com

6